**UNITED STATES of America, Plaintiff,**

v.

**Larry S. LONG, Defendant.**

**Crim. A. No. 5–82024.**

United States District Court,
E. D. Michigan, S. D.

April 29, 1976.

---

Richard F. Yanko, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

John W. Tapp, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an appeal to the district court from a magistrate's judgment of conviction in which defendant contends that the magistrate erred at sentencing in refusing to disclose or to summarize certain material contained within his presentence report as required by Fed.R.Crim.P. 32(c)(3). The magistrate sentenced defendant to the custody of the Attorney General for a period of 175 days following his guilty plea to an information charging obstruction of mail in violation of 18 U.S.C. § 1701. The facts underlying this appeal are simple.

At the time of sentence, defendant's counsel requested permission to examine material excluded from the presentence report furnished him prior to sentence. The magistrate indicated that it was not available to him. Counsel then requested the magistrate to "summarize what the excluded material consists of." The magistrate declined to do that. Counsel for the defendant then asked if the magistrate was "relying on the excluded material" and the magistrate responded, "Yes, to some degree, it is weighed with all the other materials that are made available."

Upon the filing of this appeal, the magistrate prepared findings of fact concerning defendant's sentence in which she declared:

"The sentencing magistrate states for this record that the excluded material was *not* determinative in the court's imposing a jail sentence upon the defendant but rather weighed against the fine that the court could have imposed in this case. Further, the contents of the excluded material are such that the court feels strongly that they should not be made available to the defendant, that said facts properly are contemplated as an exception to the disclosure rules since they might have various repercussions if disclosed."

In pertinent part, Rule 32(c)(3) provides:

"(A) Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons; and the court shall afford the defendant or his counsel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

"(B) If the court is of the view that there is information in the presentence report which should not be disclosed under subdivision (c)(3)(A) of this rule, the court in lieu of making the report or part thereof available shall state orally or in writing a summary of the factual infor-

mation contained therein to be relied on in determining sentence, and shall give the defendant or his counsel an opportunity to comment thereon. The statement may be made to the parties in camera."

Defendant contends that both the plain language of Rule 32(c)(3) and its purpose require at least a factual summary of excluded material where, as here, the court relies upon it in fixing sentence. The United States, on the other hand, urges that the Rule requires the court to summarize factual material only if summarization will not produce the harm sought to be prevented by subsection (c)(3)(A) or do violence to the court's exercise of discretion. Where summary would defeat the purpose of subsection (c)(3)(A), the government asserts that the court should merely summarize the *nature* of the excluded information and indicate the reasons for avoiding full disclosure. In this case, the government indicates that the magistrate should have summarized the nature of the excluded material, have made a finding of reliability, and have stated that the harm of non-disclosure is outweighed by potential harm to the interests sought to be protected.

In providing for disclosure, Rule 32(c)(3) adopts a philosophy found in section 4.4 of the Standards Relating to Sentencing Alternatives and Procedures of the American Bar Association project on minimum standards for criminal justice. Recommendations urging disclosure of presentence information to the defense had been made by advisory committees in 1954, 1962, 1964 and again in 1966. *See* 1 C. Wright, *Federal Practice and Procedure* Criminal § 524 (1969); 8A J. Moore, *Moore's Federal Practice*, § 32.03[4] (2d ed. Cipes 1969). Moreover, the American Law Institute in its model penal code, the National Council on Crime and Delinquency in its model sentencing act and the President's Commission on Law Enforcement and the Administration of Justice, all had urged that defendant's counsel be given access to the presentence report. In 1975, Rule 32 was amended with that end in mind.

Critics had made three basic arguments against disclosure of the presentence report: (1) sources of information would dry up; (2) disclosure would delay sentencing proceedings because of controversy over the contents of the report; and (3) disclosure would be harmful to the rehabilitative efforts of the defendant. Accordingly, Rule 32(c)(3) contains detailed directions to the court which protect against these problems.

 The rule does not require the court to disclose information in the report which is not relevant to sentencing. Disclosure is predicated on the court's reliance upon information in the report in connection with the sentencing process. The underlying purpose of the rule is to give counsel or the defendant an opportunity to comment on statements in the report significant to sentence and to correct mistakes. The Advisory Committee's note to the final draft of Rule 32 suggests that "[t]he best way of insuring accuracy is disclosure with an opportunity for the defendant and counsel to point out to the court information thought by the defense to be inaccurate, incomplete, or otherwise misleading." Obviously, information not relied upon need not be checked by disclosure.

The language of subdivision (3)(A) flatly excludes from disclosure portions of the report dealing with recommendations as to sentence. This includes the evaluation by the probation officer as well as the recommendation. The same subdivision of the rule also contains a qualified exclusion for (1) diagnostic opinion where disclosure might seriously disrupt a program of rehabilitation, (2) sources of information obtained upon a promise of confidentiality, or (3) any other information which, if disclosed, might result in physical or other harm to the defendant or to other persons. The requirement of a summary of factual information in subdivision (3)(B) when there is "information in the presentence report which should not be disclosed under subdivision (c)(3)(A)", pertains to those three categories of information which the court may withhold upon making the required determination.

If the court determines that disclosure of diagnostic opinion might seriously disrupt a program of rehabilitation, that sources of information were obtained upon a promise of confidentiality, or that physical or other harm might result if information is disclosed, it may refuse to permit disclosure but must comply then with Rule 32(c)(3)(B) if it is going to rely on that part of the report.

■ Subdivision (3)(B) of the rule, which directs the court to "state orally or in writing a summary of the factual information contained [in the report] relied on in determining sentence", does not mandate that the summary be given to the defendant. The rule is drafted to provide for disclosure to either defendant or to counsel. Neither does the rule stipulate how extensive the summary must be. The mandatory language in the rule which provides for disclosure and for summarization in situations where inspection is not permitted must be read against both the purpose of the rule and the discretion vested in the court to determine that certain information should not be disclosed without safeguards. There are circumstances in which inflexible summarization of factual information underlying diagnostic opinion, sources of information, or other harmful information under subdivision (3)(B) would defeat the protections built into subdivision (3)(A) permitting the court to withhold disclosure.

■■ In light of the foregoing, the court has several alternatives when faced with materials in a presentence report on which reliance is to be placed in determining sentence and which should not routinely be disclosed. First, the court may summarize the excluded portions of the report in such a way as to protect informants, the defendant, or third persons. In some cases, because of the need to protect sources, the defendant, third persons, or the program of rehabilitation, the summary may be very general and of little help to the defendant in either providing additional information or in commenting on the substance of the report or challenging its factual accuracy.

However, subdivision (3)(B) requires only a "summary of factual information," not a "factual summary of information." This apparently was done advisedly so as to provide and permit a more general summary tailored to the needs of the case.

■ Second, the court may decide to request submission of the presentence report without the excluded material to another judge for sentence in order to foreclose any possible reliance on the excluded portions. This procedure should not be followed, however, if the excluded material is relevant to the sentence.

■ Third, the court may permit disclosure only to counsel in original or summary form under a protective order requiring that counsel not divulge the material to his client. This would be especially appropriate in cases involving potential harm to the defendant or to third persons if the defendant learned the contents of the report. This procedure would allow counsel to comment on the excluded material and to check its accuracy.

■ Fourth, in extraordinary situations, the court may refuse disclosure altogether. There may be material in the report of a nature that involves both counsel and the defendant where knowledge of the information by either may be harmful to the public or third persons; for example, disclosure of an ongoing, criminal investigation of both counsel and the defendant and threats against informants by both. In such a case, the public interest is paramount. In order to carry out the stated purpose of the disclosure rule, "insuring accuracy", the court itself should ascertain the accuracy of the report without disclosing its contents to defendant or counsel.

■ In the context of this case, Rule 32(c)(3) required the magistrate, who relied upon material in the presentence report but did not disclose or summarize its contents, to go farther than she did. Rather than simply refuse to disclose or to summarize, the magistrate should have adopted an intermediate response which protected both

the nature of the excluded material in the report and the defendant's interest in insuring its accuracy. Counsel will be given access to the report but with instructions not to disclose its contents to the defendant. Counsel is directed to take such steps as may be necessary to determine the accuracy of the material and will be permitted to comment on the report *in camera*. If, after having examined the material, counsel desires to have the defendant resentenced, he should so indicate and the matter will be scheduled for resentencing.

So ordered.