UNITED STATES of America,
Plaintiff-Appellee,

v.

Eliseo ANDRADE, Defendant-Appellant.

No. 76–2329

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1977.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Kenneth L. Yarborough (Court-appointed), Corpus Christi, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U.S. Atty., Mary L. Sinderson, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Appellant's vehicle was stopped for routine determination of citizenship at the permanent Border Patrol checkpoint 7 miles south of Falfurrias, Texas. During that questioning, the Border Patrolman noticed a strong odor of marihuana emanating from the vehicle. A search revealed 225 pounds of marihuana in the trunk.

This Court has previously held the checkpoint seven miles south of Falfurrias to be a permanent one. *United States v. McCrary*, 5 Cir. 1976, 543 F.2d 554; *Unit-*ed States v. Garza, 5 Cir. 1976, 539 F.2d 381, 382; *United States v. Cantu*, 5 Cir. 1974, 504 F.2d 387, 389. Stopping vehicles at a permanent Border Patrol checkpoint to inquire into the occupants' citizenship does not offend the Fourth Amendment or require a judicial warrant. *Sifuentes v. United States*, aff'd sub nom. *United States v. Martinez-Fuerte*, —— U.S. ——, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). A search at a permanent checkpoint is valid, if, after stopping the vehicle, the Border Patrolman finds probable cause for the search. *United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975); *United States v. Santibanez*, 5 Cir. 1975, 517 F.2d 922. The odor of marihuana emanating from appellant's vehicle gave the officer probable cause to detain appellant and search his car. *United States v. McCrary, supra; United States v. Kidd*, 5 Cir. 1976, 540 F.2d 210; *United States v. Garza, supra.; United States v. Torres*, 5 Cir. 1976, 537 F.2d 1299.

In conformity with the requirements established by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we have carefully considered this cause in its entirety, and conclude that there is no arguable merit in the appeal. It is therefore ordered that the motion filed by Kenneth L. Yarbrough for leave to withdraw as court-appointed counsel for appellant is GRANTED, and the appeal is DISMISSED. See Local Rule 20. See also *United States v. Minor*, 5 Cir. 1971, 444 F.2d 521 and *United States v. Crawford*, 5 Cir. 1971, 446 F.2d 1085.