UNITED STATES of America,
Plaintiff-Appellee,

v.

Martin Dennis ARRASMITH,
Defendant-Appellant.

No. 76–4295
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1977.

Rehearing Denied Sept. 14, 1977.

---

\* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert M. Blackmon, Corpus Christi, Tex., Court-appointed, for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Martin Dennis Arrasmith appeals his conviction in a bench trial of possessing with intent to distribute 134 pounds of marijuana, 21 U.S.C. § 841(a)(1). On April 26, 1976, a border patrol agent stopped Arrasmith at the permanent immigration checkpoint near Falfurrias, Texas. The agent smelled marijuana, searched Arrasmith's car, and seized the evidence. The district court denied Arrasmith's motion to suppress.

 On appeal Arrasmith does not claim the search was illegal. At permanent checkpoints agents may make stops without probable cause or reasonable suspicion, *United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), but they must have probable cause in order to search, *United States v. Oritz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975).[1] Thus the agent was entitled to stop Arrasmith at the permanent checkpoint. The

odor of marijuana provided probable cause, authorizing the search. *See, e. g., United States v. Diaz*, 541 F.2d 1165 (5th Cir. 1976); *United States v. McCrary*, 543 F.2d 554 (5th Cir. 1976).

██ Arrasmith's sole contention draws upon the following exchange during defense counsel's cross-examination of the border patrol agent:

Q: What does marijuana smell like?

A: Marijuana.

[Defense counsel]: Your honor, I don't think that answer is responsive.

THE COURT: It is responsive. It smells like marijuana.

[Defense counsel]: Marijuana smells like marijuana?

THE COURT: Yes, sir.

A district court possesses broad discretion concerning whether to allow a witness to testify in terms of his "opinion" that something smells like marijuana or whether, alternatively, to require the witness to testify to more basic "facts" describing the odor more minutely. The district court's decision here was not unreasonable. Describing odors is a task that can severely test the abilities of even the most accomplished wordsmith. Defense counsel remained free, moreover, to pose additional questions requiring the witness to describe the smell in greater detail.

Arrasmith contends, however, that in practical effect the district court took judicial notice that marijuana smells like marijuana. We disagree and find nothing improper in the district court's action. We agree that the district court, as the trier of facts on a suppression motion, must conscientiously resolve factual questions on the basis of the evidence presented. But triers of fact are also free to employ their com-

1. Agents need not have probable cause or reasonable suspicion in order to search at the border or its functional equivalent. *See Almeida-Sanchez v. United States*, 413 U.S. 266, 272–273, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); *United States v. Wilson*, 553 F.2d 896 (5th Cir. 1977). On "roving patrols"—those places other than permanent checkpoints and functional equivalents—a stop is permissible only "when an officer's observations lead him reasonably to suspect that a particular vehicle may contain aliens who are illegally in the country". *United States v. Brignoni-Ponce*, 422 U.S. 873, 881, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975). Officers on roving patrol may search only on the basis of probable cause. *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

mon sense and to take into account the lessons of common, ordinary experience. The district court did not take improper judicial notice by recognizing that odors are difficult of precise description and by accepting the agent's testimony that marijuana smelled like marijuana.

Arrasmith's real objection, of course, is not to the tautological notion that marijuana smells like marijuana; whatever else marijuana does or does not smell like, it certainly smells like itself. But the statement that "marijuana smells like marijuana" may also convey the meaning that the odor of marijuana is distinctive and easily recognized. To the extent that the district judge may have accepted that meaning, however, he had an ample evidentiary basis for doing so, for the agent had so testified. Litigation could not go forward if we were to adopt the general principle that a factfinder who accepts testimony as true thereby takes improper judicial notice of its truth.

Whether the agent smelled marijuana was a factual question relevant to the probable cause issue. In resolving that factual question, the district court relied upon the testimony of an experienced border patrol agent who said he had smelled marijuana many times. The court neither limited Arrasmith's cross-examination of the agent nor prevented him from introducing any relevant evidence. The district court conscientiously found the facts on the basis of the evidence and did not take into account impermissible considerations. The court's findings are not clearly erroneous. The conviction is

AFFIRMED.