UNITED STATES of America,
Plaintiff-Appellee,

v.

Gary WOODY, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Blanchard L. SAVANT,
Defendant-Appellant.

Nos. 77–5181, 77–5292.

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1978.

Rehearing Denied March 20, 1978.

Virgil Howard, Thomas D. McDowell, Corpus Christi, Tex., for Gary Woody.

Jimmy Phillips, Jr., Angleton, Tex., for Blanchard L. Savant.

J. A. Canales, U. S. Atty., Anna E. Stool, George A. Kelt, Jr., John T. Johnson, Mary L. Sinderson, James R. Gough, Asst. U. S. Attys., Houston, Tex., Robert Berg, Asst. U. S. Atty., Corpus Christi, Tex., for the U. S.

Before GOLDBERG, AINSWORTH and FAY, Circuit Judges.

FAY, Circuit Judge:

The trial judges in the above-styled cases relied upon undisclosed information contained in presentence investigation reports in imposing sentence. These cases involve the common issue of whether, under the facts and circumstances of each case, the summary of the undisclosed information provided to the defendant pursuant to Rule 32(c)(3)(B) of the Federal Rules of Criminal Procedure was sufficient.[1] The appellant in No. 77–5181, Gary Woody, also contests the validity of a search of his car conducted by border patrol agents approximately two miles north of the permanent checkpoint near Falfurrias, Texas. We have concluded that the search was lawful and affirm the conviction of the defendant Woody. We further conclude, however, that the sentences imposed upon the defendants Woody and Savant must be vacated and the cases

---

1. Rule 32(c)(3) of the Federal Rules of Criminal Procedure provides in pertinent part:

 (A) Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons; and the court shall afford the defendant or his coun-

 sel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

 (B) If the court is of the view that there is information in the presentence report which should not be disclosed under subdivision (c)(3)(A) of this rule, the court in lieu of making the report or part thereof available shall state orally or in writing a summary of the factual information contained therein to be relied on in determining sentence, and shall give the defendant or his counsel an opportunity to comment thereon. The statement may be made to the parties in camera.

remanded for further proceedings and re-sentencing consistent with this opinion.

## I. FACTS

A. The facts in Case No. 77–5181, considered in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), indicate that on December 8, 1975, the defendant, Gary Woody, stopped his vehicle at the permanent Border Patrol checkpoint located on U.S. Highway 83 approximately seven miles south of Falfurrias, Texas.[2] As the Border Patrol agent approached the vehicle, Woody partially rolled down the window. While in the process of questioning the defendant concerning his citizenship, the agent detected the odor of marijuana emanating from the defendant's vehicle. The agent then instructed the defendant to open his trunk. The defendant responded by speeding away. After a high-speed chase covering approximately two or three miles, the defendant was apprehended and his vehicle was searched. A search of the trunk revealed a large quantity of marijuana. The defendant was subsequently convicted of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). At the trial the agent who made the initial checkpoint stop testified on direct examination that on many prior occasions he had had the opportunity to detect the odor of marijuana. On cross-examination the agent further testified that marijuana smells like marijuana. Counsel for the defendant moved to strike the testimony of the agent on the ground that the evidence failed to establish that the agent was qualified as an expert in the detection of marijuana by smell. The court denied the defendant's motion to strike, and subsequently found the defendant guilty of the offense charged in the indictment.

Prior to sentencing, the defendant's counsel was permitted to read the presentence investigation report, excluding certain material kept secret pursuant to Rule 32(c)(3)(A) of the Federal Rules of Criminal

Procedure. The portion of the report disclosed to the defendant's attorney contained a summary of the undisclosed material.

B. The defendant in Case No. 77–5292, Blanchard L. Savant, entered a plea of guilty to the charge of unlawful possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. Prior to sentencing, the trial judge ruled that a portion of the presentence investigation report would not be disclosed pursuant to Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure. The trial judge did permit the defendant's attorney to inspect the remaining portion of the report and provided a summary of the information contained in the undisclosed segment of the presentence investigation report as required by subsection (c)(3)(B) of Rule 32. This defendant's contentions on appeal deal solely with the degree of disclosure permitted by the trial judge.

## II. MERITS

### A. The Automobile Search

■ The defendant Woody *contends that* the search of his automobile by the border patrol agent was conducted in violation of the Fourth Amendment to the United States Constitution because the agent lacked probable cause to effect such a search. The defendant argues that the government failed to establish that the agent possessed the superior skill or knowledge required to detect the odor of marijuana. Specifically, the defendant contends that the trial court committed reversible error in not excluding the testimony of the agent who detected the odor of marijuana because the agent failed to adequately describe the odor or enumerate the qualitative basis of his conclusion that the odor which he detected at the time of the stop was indeed the odor of marijuana.

At the outset, we note that the government has not contended in brief or in oral

---

**2.** Falfurrias, Texas, is approximately seventy-seven highway miles from the most direct point

on the border between the United States and Mexico.

argument that the permanent checkpoint[3] located approximately seven miles south of Falfurrias, Texas, is the functional equivalent of the border. Of course, if it were established that the permanent checkpoint in question is the functional equivalent,[4] the defendant's automobile could be searched without probable cause.[5]

It is settled that Border Patrol agents may stop vehicles at permanent checkpoints for the purpose of investigating the citizenship of the occupants. *United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *United States v. Andrade*, 545 F.2d 1032 (5th Cir. 1977). However, in order to conduct a search of the vehicle at the permanent checkpoint, probable cause justifying the search must exist. *United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 46 L.Ed.2d 623 (1975).

The defendant's contention that probable cause to search his automobile was lacking in the case at bar is belied by recent decisions of this court. The case of *United States v. Andrade*, 545 F.2d 1032 (5th Cir. 1977) is directly on point. In *Andrade* we succinctly held that:

> The odor of marihuana emanating from appellant's vehicle gave the officer probable cause to detain appellant and search his car. *United States v. McCrary, supra; United States v. Kidd*, 5 Cir. 1976, 540 F.2d 210; *United States v. Garza, supra; United States v. Torres*, 5 Cir. 1976, 537 F.2d 1299.

545 F.2d at 1033.

In *United States v. Arrasmith*, 557 F.2d 1093 (5th Cir. 1977), this court rejected the defendant's contention that the district court committed error by considering the testimony of the border patrol agent that in his opinion the odor emanating from the vehicle was the odor of marijuana. *Arrasmith* recognizes that the trial judge possesses broad discretion in determining whether to permit a witness to testify that something smells like marijuana or whether to require further description of the precise odor. As we recognized in *Arrasmith*:

> But triers of fact are also free to employ their common sense and to take into account the lessons of common, ordinary experience. The district court did not take improper judicial notice by recognizing that odors are difficult of precise description and by accepting the agent's testimony that marijuana smelled like marijuana.

557 F.2d at 1094, 1095.

In the case at bar, as in *Arrasmith*, there is testimony in the record that the agent had smelled marijuana on many occasions. The district judge's denial of the defendant's motion to strike the testimony of the border patrol agent did not constitute an abuse of discretion.[6] Accordingly, the conviction of the defendant, Gary Woody, is affirmed.

**B. Disclosure of the Presentence Investigation Report**

The defendants in the above-styled cases both contend that the district court erred at sentencing in failing to sum-

---

**3.** The record in this case, as well as prior cases in this Circuit involving the checkpoint seven miles south of Falfurrias, support our conclusion that this checkpoint is indeed a permanent checkpoint. E. g., *United States v. Andrade*, 545 F.2d 1032 (5th Cir. 1977); *United States v. McCrary*, 543 F.2d 554 (5th Cir. 1976); *United States v. Garza*, 539 F.2d 381, 382 (5th Cir. 1976).

**4.** *See United States v. Alvarez-Gonzalez*, 542 F.2d 226 (5th Cir. 1976), for a discussion of the criteria to be considered in determining functional equivalency.

**5.** *Almeida-Sanchez v. United States*, 413 U.S. 266, 272–273, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); *United States v. Wilson*, 553 F.2d 896 (5th Cir. 1977); *See also* 8 U.S.C. § 1357(a)(3).

**6.** Furthermore, assuming that the agent's testimony concerning the smelling of marijuana should not have been considered by the trial judge in assessing probable cause, we note, without deciding, that the defendant's conduct in speeding away after being requested to open his trunk may be deemed sufficient to satisfy the probable cause requirement. *See, United States v. Dimas*, 537 F.2d 1301 (5th Cir. 1976), *cert. denied* 429 U.S. 1047, 97 S.Ct. 755, 50 L.Ed.2d 762 (1977).

marize more fully material contained in the presentence investigation reports prepared in each case,[7] and request that the sentences be vacated and the cases be remanded for resentencing. Before evaluating the claims of the defendants regarding the alleged inadequacies in the summaries of the contents of the undisclosed portions of the presentence investigation reports relied upon by the trial judge in imposing sentence, it is necessary to glean an understanding of the history and application of Rule 32(c) of the Federal Rules of Criminal Procedure.

7. The defendant Woody has taken the position that the trial court failed altogether to meet the summarization requirement of Rule 32(c)(3)(B) of the Federal Rules of Criminal Procedure because the summary of the undisclosed information provided to the defendant's counsel was prepared by the U.S. Probation Department, and was not independently prepared by the trial judge. We find that this contention is without merit. Although it would have been better practice for the trial judge to explicitly state on the record that the summary provided by the Probation Department was adopted as the summary of the court, we find that the trial judge impliedly adopted the summary prepared by the Probation Department by retaining it in the portion of the presentence investigation report disclosed to the defendant's attorney. It must be recognized that the Probation Department is an arm of the court.

The defendant Savant additionally contends that the trial court committed reversible error in relying upon unsubstantiated and erroneous conclusions contained in the undisclosed portion of the report. The defendant admits, however, that neither he nor his attorney has been afforded the opportunity to read the undisclosed portion. He is therefore not in a position to evaluate the reliability of the information contained in the undisclosed portion. We recognize that *Shelton v. United States*, 497 F.2d 156 (5th Cir. 1974), requires that material considered by the trial judge in the imposition of sentence be supported by indicia of reliability, and will evaluate the sentencing process in the case at bar with this requirement in mind.

8. At the outset we note that the trial court may rely upon undisclosed information contained in a presentence investigation report in imposing sentence without abridging constitutional protections. *See Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The rule is different, however, in cases involving the imposition of the death penalty. *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Of course, in federal cases, Rule 32(c)(3)(B) mandates summarization of

Rule 32(c) has historically been interpreted to place much discretion in the hands of the trial judge regarding the extent to which the defendant is to be apprised of the contents of the presentence investigation report.[8] Prior to the 1966 amendment of Rule 32,[9] the rule was silent concerning the disclosure of the contents of the presentence investigation reports and was accordingly applied in a diverse manner. Some federal judges followed a practice of denying disclosure altogether, some judges provided excerpts of the reports, while others provided full disclosure.[10]

undisclosed portions of the presentence report relied upon in imposing sentence, whether or not the offense is capital in nature.

9. Prior to the 1966 Amendment, Rule 32(c) provided in pertinent part:

(c) Presentence Investigation

(1) When Made. The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty.

(2) Report. The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court.

10. For example, in *United States v. Durham*, 181 F.Supp. 503 (D.D.C.1960), *cert. denied*, 364 U.S. 854, 81 S.Ct. 83, 5 L.Ed.2d 77 (1960), the court held that presentence investigation reports are strictly confidential and not to be disclosed to the defendant. *See also, Hoover v. United States*, 268 F.2d 787, 790 (10th Cir. 1959); *Powers v. United States*, 325 F.2d 666, 667 (1st Cir. 1963). Other courts disclosed the contents of the presentence investigation report and permitted comment thereon. *See, Shields v. United States*, 237 F.Supp. 660 (D.C. Minn.1965); *Smith v. United States*, 223 F.2d 750, 754 (5th Cir. 1955), rev'd on other grounds, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959).

A survey conducted in 1963 by the Junior Bar Section of the Bar Association of the District of Columbia revealed the diverse treat-

The disparate policies practiced by the federal courts concerning disclosure of the presentence investigation report led to the expression of opposing views concerning the propriety of disclosure. The primary argument in favor of disclosure is that disclosure is necessary to assure that the trial judge does not rely upon erroneous or inaccurate information in imposing sentence. *See United States v. Long*, 411 F.Supp. 1203 (E.D.Mich.1976).[11] Prestigious professional organizations, such as the American Law Institute [12] and the National Council on Crime and Delinquency,[13] have strongly recommended that the federal courts adopt a policy of disclosure.[14] The controversy led to the amendment of Rule 32(c) in 1966, in which the following sentences were added to Rule 32(c)(2):

> The court before imposing sentence may disclose to the defendant or his counsel

all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government.[15]

In providing that the court "may" disclose the contents of the presentence investigation report, the 1966 Amendment codified the existing practice of vesting discretionary power in the trial court to determine whether disclosure should be permitted.[16] Although disclosure was not made mandatory, the Advisory Committee's note reflects a policy determination that disclosure is to be encouraged. The note states:

> It is hoped that courts will make increasing use of their discretion to disclose so that the defendants generally may be given full opportunity to rebut or explain

---

ment of the contents of presentence investigation reports. Questionnaires were sent to 294 active district judges and 51 senior district judges. The questionnaire contained the following question: "Is it the practice of your Court to divulge any information contained in presentence reports to defense counsel?" Of the 157 responses received, 63 (43%) stated that the reports were exhibited to defense counsel and 83 (57%) stated that disclosure was refused. The responses also indicated that 11 judges exhibited the entire report to counsel, 19 judges provided excerpts of the reports to counsel, and 13 judges provided summaries. Junior Bar Section of the District of Columbia, Discovery in Federal Criminal Cases, 33 F.R.D. 101, 125 (1963).

**11.** The primary arguments against disclosure are that (1) informational sources will refuse to cooperate if the cloak of confidentiality is removed (2) sentencing will be delayed due to the need to resolve controversies which will arise concerning the contents of the reports (3) rehabilitative efforts will be hampered. *United States v. Long*, 411 F.Supp. 1203 (E.D.Mich. 1976).

**12.** ALI Model Penal Code § 7.07(5) (1962).

**13.** National Council on Crime and Delinquency, Model Sentencing Act § 4 (1963).

**14.** More recently, the American Bar Association has publicly endorsed a policy of disclosure. ABA Standards Relating to Sentencing Alternatives and Procedure § 4.4 (Approved Draft, 1968).

**15.** An earlier proposal provided for mandatory disclosure of a summary of the report. Advisory Committee on Criminal Rules, Preliminary Draft of Proposed Amendment, 31 F.R.D. 665, 686 (1962). A subsequent proposal would have required mandatory disclosure of the report, absent the identification of confidential sources. Advisory Committee on Criminal Rules, Second Preliminary Draft of Proposed Amendments, 34 F.R.D. 411, 438 (1964).

**16.** In his treatise on criminal procedure, Professor Wright makes the following observation concerning the effect of the 1966 Amendment:

> Thus as finally adopted the rule is discretionary with the trial court.[60] Since there is not the slightest doubt that the courts already had such discretion, and a substantial minority of judges were already permitting disclosure, the amendment makes no change in the law.

Wright, Federal Practice and Procedure: Criminal § 524.

For a sampling of cases interpreting Rule 32(c)(2), as amended in 1966, to provide for discretionary disclosure see *United States v. Murphy*, 497 F.2d 126 (5th Cir. 1974); *United States v. Schrenzel*, 462 F.2d 765 (8th Cir. 1972), *cert. denied*, 409 U.S. 984, 93 S.Ct. 325, 34 L.Ed.2d 248 (1972); *United States v. McKinney*, 450 F.2d 943 (4th Cir. 1971); *Fernandez v. Meier*, 432 F.2d 426 (9th Cir. 1970); *United States v. Virga*, 426 F.2d 1320 (2nd Cir. 1970), *cert. denied*, 402 U.S. 930, 91 S.Ct. 1530, 28 L.Ed.2d 864 (1971); *United States v. Talk*, 418 F.2d 53 (10th Cir. 1969).

facts in presentence reports which will be material factors in determining sentences.

Fed.R.Crim.P. 32(c)(2), Advisory Committee Note (1966).

That the 1966 Amendment did not fully effectuate the intent of the draftsmen is apparent from an examination of the practice in the Fourth Circuit following the Amendment.[17] In *Baker v. United States*, 388 F.2d 931 (4th Cir. 1968), the court noted the continued disparity of practice concerning the disclosure of presentence investigation reports pursuant to Rule 32(c)(2).

> By its terms, the rule is permissive as to whether the court discloses *all* or *part* of the material contained in the report of presentence investigation. We are mindful that in the district courts in this Circuit there is wide variation in the practice concerning disclosure. In one district disclosure of all is the rule, withholding of part is the exception. In other districts, including at least one where disclosure of the report has resulted in improper pressures being visited on confidential informants, with the consequent risk that limitation of the sources of information and effectiveness of the report will ensue, the practice is to treat the presentence report

as a confidential document solely for consideration by the court.

388 F.2d at 933.

Rule 32(c) was amended again in 1975 with the intent to further promote the practice of disclosing the presentence investigation report, or portions thereof, to the defendant, except under circumstances enumerated in the Rule.[18] The Rule, in mandatory language, now provides that the defendant or his counsel is to be permitted to read the presentence investigation report, exclusive of any recommendation as to sentence, unless the court determines that (1) the report contains diagnostic material which, if disclosed, might seriously disrupt rehabilitative efforts, or (2) the report contains sources of information obtained upon a promise of confidentiality, or (3) the report contains any other information which, if disclosed, might result in harm to the defendant or to others. In the event information is withheld pursuant to one of the above listed exclusions and the trial judge relies upon such information in the imposition of sentence, the judge is to provide an oral or written summary of such factual information to the defendant or to his counsel.

 The policy underlying the 1975 Amendment of Rule 32(c) is that disclosure will help to assure the accuracy of sentencing information.[19] The 1975 Amendment,

---

**17.** Additionally, as late as 1974 it was the policy of at least one district court in the Seventh Circuit to deny disclosure of the presentence investigation report as a matter of course. *See, United States v. Miller*, 495 F.2d 362 (7th Cir. 1974) where the Seventh Circuit struck down such policy.

**18.** Rule 32(c) was amended in pertinent part to provide as follows:

(3) Disclosure

(A) Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons; and the court shall afford the defendant or his coun-

sel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

(B) If the court is of the view that there is information in the presentence report which should not be disclosed under subdivision (c)(3)(A) of this rule, the court in lieu of making the report or part thereof available shall state orally or in writing a summary of the factual information contained therein to be relied on in determining sentence, and shall give the defendant or his counsel an opportunity to comment thereon. The statement may be made to the parties in camera.

**19.** The Advisory Committee stated in pertinent part:

The Advisory Committee is of the view that accuracy of sentencing information is important not only to the defendant but also to effective correctional treatment of a convicted offender. The best way of insuring accuracy is disclosure with an opportunity

while promoting disclosure, balances competing interests by providing that full disclosure need not be made under the compelling circumstances enumerated above. Rather, the Rule expressly provides for summarization of the sensitive information relied upon in imposing sentence. The Rule is silent, however, concerning the precise issue with which we are confronted. How precise must the summary be? Nor are we guided by decisions of this Circuit.[20] As the issue before the Court appears to be one of first impression, we shall endeavor to set forth practical guidelines governing the application of Rule 32(c) while not transgressing the narrow issue before us.

In determining whether, under the facts and circumstances of the cases before this court, the summaries provided to the defendants were legally sufficient, we must balance the competing policies underlying Rule 32(c)(2) and (3) of the Federal Rules of Criminal Procedure. We deal here with a very sensitive area of the law in which the rights of the defendant may often conflict with the need to safeguard confidentiality and to avoid the attendant risk of harm to others which may be involved.

 The starting point of our analysis is that the defendant has a constitutional right to know and to test the accuracy of any statement in the presentence report upon which the sentencing judge relies. *See Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). *See also, United States v. Espinoza,* 481 F.2d 553 (5th Cir. 1973). With this premise in mind, we turn directly to the issue of the meaning of the "summary of factual information" provided for in Rule 32(c)(3)(B) of the Federal Rules of Criminal Procedure. We do not purport to set forth an inflexible rule which can be mechanically applied to the facts of all cases which may arise. Rather, we intend to breathe some life into the meaning of "summary of factual information" so that the intent of the draftsmen of Rule 32(c)(3) —that the defendant have an opportunity to rebut or clarify information relied upon in imposing sentence—can be effectuated.

 In order to afford the defendant a fair opportunity to correct or rebut erroneous information contained in the undisclosed portion of the presentence investigation report, the summary should, in a manner as specific as the facts permit, inform the defendant of the nature of the information. For example, the summary should relate whether the information pertains to reputation or to the existence of evidence of more concrete behavioral characteristics or participation in criminal acts.[21] If the information does pertain to reputation, the defendant should be advised as to whether the reputation is related to employment or to the defendant's personal relationships. Additionally, if the facts indicate that the

---

for the defendant and counsel to point out to the court information thought by the defense to be inaccurate, incomplete, or otherwise misleading.

Experience in jurisdictions which require disclosure does not lend support to the argument that disclosure will result in less complete presentence reports or the argument that sentencing procedures will become unnecessarily protracted. It is not intended that the probation officer would be subjected to any rigorous examination by defense counsel, or that he will even be sworn to testify. The proceedings may be very informal in nature unless the court orders a full hearing.

Fed.R.Crim.P. 32(c), Advisory Committee Note (1974); *See also United States v. Long,* 411 F.Supp. 1203 (E.D.Mich.1976).

20. In fact, the only case our research revealed dealing with this specific issue was *United States v. Long,* 411 F.Supp. 1203 (E.D.Mich. 1976), in which Judge Joiner tackled the very issue before this Court head on.

21. For example, in *Shelton v. United States,* 497 F.2d 156 (5th Cir. 1974), the trial court clearly sought to inform the defendant of the nature of the allegations. The court summarized the undisclosed material as pertaining to:

[C]onfidential information which I will not permit counsel to see, not from the probation officer but from persons within the services of the United States which is sufficiently probative to indicate that Shelton, in fact, was the middle of a drug operation or very probably substantially involved in a drug operation and that's where his money came from.

497 F.2d at 158.

precise reputation can be revealed without the risk of harm or breach of confidentiality, it should be the policy of the court to tailor the summary accordingly. Generally, the defendant should be advised of the precise nature of any behavioral characteristics or instances of illegal conduct detailed in the report, unless to do so would breach the protective provisions of Rule 32(c)(3)(A). We reiterate that we are not espousing iron clad rules to be followed by the trial court. We only cite specific examples to illustrate our holding that the summary should be as specific as the facts and circumstances of the case permit. We are certain a perfunctory statement paraphrasing the language of the rule is not a legally sufficient summary. The trial court must, on a case by case basis, balance the policy of making disclosure as specific as possible with the need to preserve confidentiality. Although we do not adopt the distinction drawn by the court in *United States v. Long,* 411 F.Supp. 1203, 1207 (E.D.Mich.1976), that Rule 32(c)(3)(B) "requires only a 'summary of factual information,' not a 'factual summary of information,'" we see merit in the court's conclusion that:

> In some cases, because of the need to protect sources, the defendant, third persons, or the program of rehabilitation, the summary may be very general and of little help to the defendant in either providing additional information or in commenting on the substance of the report or challenging its factual accuracy.

Id.

While accepting the above conclusion, we nevertheless envision such practice to be the exception and certainly not the rule.

 We recognize that the approach we sanction necessarily vests much discretion and reposes much confidence in the trial judge. This discretion, however, will not go unchecked. Prospectively, the trial judge should state on the record whether he is relying on the undisclosed information. Of course, if the trial judge does not rely upon the undisclosed information in imposing sentence, Rule 32(c)(3)(B) does not require summarization. If the judge states on the

record that he is placing reliance on the undisclosed material, he should submit the undisclosed material in a sealed envelope to the appellate court as part of the record on appeal, and should include in the sealed materials a statement stating in specific terms the reasons supporting his decision not to fully disclose and the factors supporting the particular summary provided to the defendant. We in no way imply that the appellate court should second guess the trial judge as to the propriety of providing summarization rather than full disclosure. We only insist that the record on appeal be complete so that we can determine whether the facts of the particular case demonstrate an abuse of discretion in either (1) the decision not to disclose but to provide summarization or (2) the adequacy of summarization.

We now turn to the two cases before this court to determine whether, under the facts and circumstances of each case, the trial court abused its discretion in the manner the undisclosed portion of the presentence report was summarized.

In No. 77–5181, *United States v. Woody,* the court summarized the information contained on the undisclosed portion as follows:

> This information is summarized as being in reference to the defendant's reputation in his home community and his reputation among law enforcement officials there. The report also contains information as to his reputation with regard to past and present employment.

Although the summary geographically limits the scope of the reputation to the defendant's home community, and the defendant can safely assume that the reputation is bad because of nondisclosure, the summary fails to give any notice of the nature of the reputation or the underlying allegations supporting the reputation. The segment of the report which was disclosed to Woody concludes that:

> . . . The specific exclusions are justified on the basis that information was received from sources upon a promise of confidentiality. Diagnostic opinion was received which might seriously disrupt a

program of rehabilitation or might result in harm, physical or otherwise, to the defendant or other persons.

■ It may well be that more detailed summarization in this case would disrupt rehabilitation, reveal confidential sources, or even expose the defendant or others to possible physical harm. The record, however, contains no indication of why more detailed summarization would lead to one or more of these deleterious conditions.[22] Accordingly, we vacate the sentence and remand case No. 77–5181 to the trial court for further proceedings consistent with this opinion. For us to do otherwise would mean that we would be doing no more than paying lip service to the right of the defendant to rebut possibly erroneous information without providing a viable opportunity for him to do so. If the trial judge on remand concludes that more detailed summarization is inappropriate, he should document the record, as we have outlined above, while steadfastly preserving the confidentiality of the information.

In No. 77–5292, *United States v. Savant*, the disclosed portion of the presentence investigation report concludes that certain information should not be disclosed to the defendant because the information was received from confidential sources and disclosure might result in harm to the defendant or to other persons. The undisclosed information was summarized as follows:

> This information is summarized as being in reference to the defendant's reputation

among law enforcement agencies, interpersonal family relationships and employment activities.

Once again, the issue arises as to whether this summary sufficiently affords the defendant the opportunity to rebut any erroneous information which may appear in the undisclosed portion of the report. Because we have concluded that this case must be remanded to the trial court in any event, we only note in passing that the summary appears seriously deficient in advising the defendant of the nature of the reputation material. On the other hand, we are also cognizant of facts in the record which might indicate that more detailed summarization of the matters alluded to in the summary may not be appropriate in this case.[23]

■ More importantly, our study of the undisclosed portion of the presentence report indicates that this portion contains material of a highly prejudicial nature which is not alluded to in the summary provided to the defendant. We can only assume that the trial court relied upon this information in imposing sentence, and thus is obligated to provide a summary thereof, because the record reveals that the only information contained in the undisclosed portion which the trial court disregarded in imposing sentence dealt with the defendant's reputation among various law enforcement officials.[24] The trial court therefore erred in not summarizing undisclosed information relied

---

22. We have already suggested that one possible method available to the trial court to support its exercise of discretion would be to submit in a sealed envelope, accompanying the undisclosed material, a brief statement specifically stating the reasons why more detailed disclosure would either seriously disrupt a program of rehabilitation, reveal sources of information obtained upon a promise of confidentiality, or which might otherwise cause harm to the defendant or third persons.

23. This issue should be considered by the trial court on remand. If the court determines that more detailed disclosure is inappropriate, the record should be documented accordingly, in a sealed document setting forth the specific reasons why a more detailed summary would be

deleterious. This documentation should, of course, be kept confidential.

24. The record reveals that during the sentencing hearing conducted on April 26, 1977, the defendant's attorney specifically objected to the court's consideration of the defendant's reputation among law enforcement officials in Beaumont, Texas, and in Jefferson County, Texas. In response, the trial judge stated:

> I understand. I feel compelled, though, to remain firm on what I have said about it. I will tell you, there is not—there is some of that in there, as I said, reputation among other law enforcement agencies. It is there. I cannot say I am not relying on it, but I think I can say I am not relying on that part of it, I can assure you of that.

upon in imposing sentence as mandated by Rule 32(c)(3)(B) of the Federal Rules of Criminal Procedure.[25] We, therefore, vacate the sentence imposed in this case and remand the case to the trial court for further proceedings consistent with this opinion.

We also note that on remand the district court in imposing sentence should rely only on information contained in the undisclosed portion of the presentence report which is found to be "of a highly reliable and probative character within the meaning of *United States v. Weston,* 448 F.2d 626 (9th Cir. 1971)." *Shelton v. United States,* 497 F.2d 156 (5th Cir. 1974). In *Weston* the court held that ". . . [T]he District Court may not rely upon the information contained in the presentence report unless it is amplified by information such as to be persuasive of the validity of the charge there made." [26]

In conclusion, the conviction of the defendant Woody is hereby affirmed, but the sentence is vacated and the case remanded for further proceedings consistent with this opinion. The sentence imposed upon the defendant Savant is likewise vacated and the case hereby remanded for further proceedings.

Vacated and remanded for resentencing.

---

**25.** Of course, we can not be more specific in describing this information at this time or we would run afoul of the protective provisions of Rule 32(c). We can only remand this issue to the trial court for further consideration, retaining further power of appellate review.

**26.** 448 F.2d at 634.