**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roberto H. MUNIZ,**
**Defendant-Appellant.**

**No. 77–5155**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 15, 1978.

Robert D. Thorpe, Corpus Christi, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., George A. Kelt, Jr., Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before RONEY, GEE and FAY, Circuit Judges.

## PER CURIAM:

The appellant, Roberto Muniz, entered a plea of guilty to the offense of conspiring to possess with intent to distribute approximately four hundred eighty-five pounds of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. On January 14, 1977, the defendant was sentenced to a term of imprisonment of four years with a special parole term of at least three years. Prior to the imposition of sentence, the defendant's attorney was permitted to read a portion of the presentence investigation report but was denied access to a segment of the report held by the trial court to be exempt from disclosure pursuant to Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure. The trial court stated on the record that it was relying to an extent on the undisclosed material, and, pursuant to Rule 32(c)(3)(B), summarized the material as being in reference to the defendant's reputation among law enforcement agencies. The defendant on appeal challenges the sufficiency of the summary of the undisclosed information provided to him.

We have recently had occasion to trace the history and development of Rule 32(c) in *United States v. Woody*[1] and we will therefore not repeat what was said there in detail. The issue before this Court, however, was squarely presented in *Woody* where we held that in order to afford the defendant a fair opportunity to rebut erroneous information, the summary of the undisclosed material should be as specific as the facts of the particular case permit. While recognizing the need to safeguard confidentiality, we clearly held that "a perfunctory statement paraphrasing the language of the rule is not a legally sufficient summary." 567 F.2d 1353.

In the case now before this Court, the defendant was informed that the undisclosed material related to his reputation among law enforcement agencies. The trial judge further advised the defendant that he was relying upon the information and that failure to disclose was justified by the need to preserve confidentiality and to avoid the attendant harm which may be involved. Applying the principles of *Woody* to the facts of this case, we have concluded that the summary provided to the defendant fails to give sufficient notice of the nature of the information nor of the underlying allegations, and thus fails to afford a fair opportunity for rebuttal. In addition, the record contains no specific indication of why more detailed disclosure may lift the curtain of confidentiality and expose the defendant or others to resultant harm.

As we pointed out in *Woody*, more detailed summarization in a given case may disrupt rehabilitation, reveal confidential sources, or expose the defendant or others to physical harm. For these reasons, we have interpreted Rule 32(c) to vest much discretion in the trial court concerning the requisite scope or extent of summarization in each case. This discretion, however, must not go unchecked. In *Woody*, we set forth a practical procedure whereby the trial court can support its exercise of discretion and document the record for purposes of appellate review. The trial judge should state on the record whether or not he is relying upon undisclosed presentence investigation material.[2] If the judge does rely upon such material, he should submit in a sealed envelope, accompanying the undisclosed material, a statement of the specific factual premises supporting his conclusion that more detailed disclosure would lead to one or more of the deleterious conditions justifying nondisclosure, as set forth in Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure.

---

1. *United States v. Woody* and *United States v. Savant* were consolidated into one opinion and can be found at 567 F.2d 1353.

2. The trial court may not rely upon undisclosed information contained in the presentence investigation report "unless it is amplified by information such as to be persuasive of the validity of the charge there made" *United States v. Weston*, 448 F.2d 626, 634 (9th Cir. 1971), cited with approval in *Shelton v. United States*, 497 F.2d 156, 159 (5th Cir. 1974).

Because we have concluded that the summary of undisclosed information given by the trial judge fails to adequately inform the defendant of the nature of the reputation material, and because the record in this case contains no specific factual indications to support the perfunctory summary, we hereby vacate the sentence and remand this case for further proceedings consistent with this opinion.

Vacated and remanded for resentencing.