UNITED STATES of America,
Plaintiff-Appellee,

v.

Elvia Escamilla MORENO,
Defendant-Appellant.

No. 78–5154
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1978.

Rehearing and Rehearing En Banc
Denied Oct. 16, 1978.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Abel Toscano, Jr., Harlingen, Tex., Roy Beene, Houston, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

On September 13, 1977, at about 9 o'clock, a. m., appellant and her sister, Estella Moreno, approached the Sarita checkpoint in a pickup truck. Border Patrol Agent Ruiz questioned the occupants about their citizenship and determined they were Americans. Ruiz noticed that they appeared to be nervous and asked them to proceed to the secondary inspection area. Ruiz noticed the rear bumper had a flange with screws on it. He looked under the truck and saw two hinges behind the bumper and that some welding had been done. He saw a compartment under the truck. Using tools found beneath the cab, he lifted the bed of the truck and found 189 pounds of marijuana.

Appellant's story was that she had borrowed the truck from an acquaintance named Martinez, who frequented her restaurant in San Benito, Texas. She was taking her sister to the psychiatrist in Houston. She borrowed the vehicle because her car was not in running condition. DEA Agent Dracoulis testified, however, that appellant told him she was paid $200 to drive the truck to Houston. Both appellant and her sister testified that they had not made any such statement. Appellant was found guilty of possession with intent to distribute marijuana.

In this appeal, appellant says the search was invalid for lack of probable cause. She also argues that the trial court erred in taking judicial notice of its previous decisions on Sarita. Finally, she argues there was no evidence she possessed the marijuana.

█ In *United States v. Reyna*, 5 Cir., 1978, 572 F.2d 515, we held that Sarita was the functional equivalent of the border. Where a search is conducted at the border or at a functional equivalent of the border, no probable cause is required. *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).[1]

█ The court could take judicial notice of its prior decisions regarding the characteristics of the Sarita checkpoint, Fed.Rules of Evid. Rule 201; *United States v. Alvarado*, 5 Cir., 1975, 519 F.2d 1133.

---

1. The structural discrepancy observed by the officer while performing his duty, if it were necessary for us to reach that point, would be appraised under *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *United States v. Arredondo-Hernandez*, 5 Cir., 1978, 574 F.2d 1312.

As driver of the pickup, appellant had sufficient dominion and control to possess the marijuana. *United States v. Rodriguez*, 5 Cir., 1977, 556 F.2d 277; *United States v. Legeza*, 5 Cir., 1977, 559 F.2d 441. Under the circumstances, the jury was justified in disbelieving appellant's claim of ignorance and finding she had the requisite possession and intent to distribute. Any conflicts in the evidence must be resolved in favor of the jury verdict. *United States v. Warner*, 5 Cir., 1971, 441 F.2d 821.

AFFIRMED.