**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Elizandro Bravo GARCIA, Defendant-Appellant.**

**No. 78–5485**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 30, 1979.

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., John M. Potter, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

PER CURIAM.

Appellant Garcia was stopped at the Sarita, Texas border checkpoint by a border patrol agent. While questioning Garcia about his citizenship, the agent thought he smelled marijuana. The agent asked Garcia to open the trunk of the car and found marijuana inside it.

Garcia argues on appeal that the trial court erroneously denied his motion to suppress the marijuana as illegally seized evidence. Garcia concedes that Sarita is the functional equivalent of a border, as held in *United States v. Reyna*, 572 F.2d 515 (5th Cir. 1978). *See Moreno v. United States*, 579 F.2d 371 (5th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979). However, Garcia contends that a border search can be justified only on the basis of a "reasonable suspicion" of illegal activity. He argues that the border agent did not have a reasonable suspicion when he

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

opened Garcia's car door and projected his body "halfway into the car" to question Garcia.

However, we read the cases in this circuit to say that probable cause, or even reasonable or articulable suspicion is not necessary at the functional equivalent of a border for the agent to conduct the preliminary search of leaning into a car.. *United States v. Moreno, supra, United States v. Chaplinski,* 579 F.2d 373 (5th Cir. 1978), *United States v. Ivey,* 546 F.2d 139 (5th Cir. 1977). If reasonable suspicion was necessary for the more intrusive search of the trunk, it was supplied by the smell of the marijuana. *United States v. Arrasmith,* 557 F.2d 1093, 1094 (5th Cir. 1977).

Accordingly, we affirm.

AFFIRMED.