[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 13, 2007
THOMAS K. KAHN
CLERK

No. 06-13970
Non-Argument Calendar
_____

D. C. Docket No. 05-00094-CV-OC-10-GRJ

JEFFREY A. BRYAN,

Plaintiff-Appellant,

versus

BRANDON SPILLMAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 13, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Jeffrey Bryan, proceeding pro se, appeals from the district court's

order granting summary judgment in favor of Officer Brandon Spillman of the

Marion County Sheriff's Department.  Bryan filed this action under 42 U.S.C.

§ 1983, alleging that Officer Spillman conducted an illegal arrest and used excessive force in the course of the arrest, in violation of his Fourth Amendment rights.[1] On appeal, Bryan argues that the district court erred by concluding that he failed to allege a constitutional violation, and, alternatively, that Officer Spillman was entitled to the defense of qualified immunity from the claims. More specifically, Bryan contends that the district court erred by accepting Officer Spillman's, rather than Bryan's, version of the underlying facts. Bryan also urges the district court erred by rejecting the evidence he submitted in opposition to summary judgment, in favor of Officer Spillman's police report and affidavit, which were submitted in support of summary judgment in the instant matter. After careful review, we affirm.[2]

The parties are familiar with the background facts, which were thoroughly described by the magistrate judge in the Report and Recommendation, and we do

---

[1] We affirm without discussion the entry of summary judgment on Bryan's § 1983 claims against Officer Spillman, a state actor, based on the Fifth Amendment. Moreover, we find no merit to Bryan's claim that Officer Spillman illegally entered onto his property. It was undisputed that before his encounter with Bryan, in front of a mobile home emanating the smell of marijuana, Officer Spillman was responding to a report of an abandoned vehicle on the property. The Fourth Amendment "is not implicated by entry upon private land to knock on a citizen's door for legitimate police purposes unconnected with a search of the premises." United States v. Taylor, 458 F.3d 1201, 1204 (11th Cir. 2006). The district court did not err by concluding that because there was no constitutional violation, Officer Spillman was entitled to summary judgment on the illegal-entry claim.

[2] We GRANT Bryan's Motion to File Reply Brief Out of Time.

not recount them again here.[3]  We review a district court's grant of summary judgment de novo.  See Steele v. Shah, 87 F.3d 1266, 1269 (11th Cir. 1996).  In making this determination, we view the record before the district court in the light most favorable to the non-moving party to determine if a genuine issue of material fact existed.  See id.  The moving party bears the initial burden of establishing that there are no genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party is successful, the burden shifts to the non-moving party to come forward with evidence beyond the pleadings that demonstrates the presence of a genuine issue of material fact.  Id. at 324.  This evidence may consist of affidavits or other relevant and admissible evidence.  See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  "A mere scintilla of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (quotation omitted).[4]

---

[3]The district court adopted the R&R over Bryan's objections, which the district court described as "highly inappropriate and unnecessar[ily] inflammatory" and "merely a 17-page attack on the Magistrate Judge, peppered with a few random statements demonstrating the Plaintiff's total lack of understanding of the law and facts of his case."

[4]While pro se complaints are entitled to a liberal interpretation, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment."  Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

It is well-settled that 42 U.S.C. § 1983, by itself, does not create substantive rights, but rather it provides "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Blanton v. Griel Mem'l Psychiatric Hosp., 758 F.2d 1540, 1542 (11th Cir. 1985); see also American Mfrs. Mut. Ins. Co. v. Sullivan, 119 S. Ct. 977, 985 (1999) (holding that to state a claim for relief based on § 1983, "[plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). Thus, if Bryan did not create a question of material fact as to whether his federal constitutional rights were violated, the district court's grant of summary judgment to Officer Spillman on the § 1983 claims was proper. See Schwier v. Cox, 340 F.3d 1284, 1290 (11th Cir. 2003).

In the instant case, the district court concluded that Bryan failed to assert violations of his constitutional rights under the Fourth Amendment because: (1) upon smelling marijuana as he approached Bryan's mobile home, Officer Spillman

4

had articulable and reasonable suspicion to detain and question Bryan about marijuana use at his house and to conduct a pat-down, and such detention never ripened into an arrest for purposes of a false-arrest claim;[5] and (2) the force used in the course of the pat-down, which Officer Spillman performed to assure his own safety, was reasonable and, in any event, de minimus in nature and therefore insufficient to state an excessive-force claim.[6]

The Fourth Amendment is implicated when a police officer either briefly detains a citizen for investigatory purposes or holds a citizen pursuant to an arrest. United States v. Hastamorir, 881 F.2d 1551, 1556 (11th Cir. 1989). To justify an investigatory detention, the police officer must have "reasonable and articulable suspicion that the individual has committed or is about to commit a crime." Id.; see Terry v. Ohio, 392 U.S. 1, 21. Under Terry, a narrowly drawn search for

---

[5]   The district court also found that Bryan's false-arrest claim failed because he had pre-sented no proof of damages or injuries and during his deposition had stated that he did not bleed, have any bruises or marks, and did not seek medical treatment after the encounter. Since we affirm the district court's finding as to the existence of reasonable suspicion, we do not reach this alternative basis for summary judgment in favor of Officer Spillman on the false-arrest claim.

[6]   In the alternative, the district court noted that Spillman had asserted the defense of qualified immunity. Because Officer Spillman was acting within the scope of his discretionary authority, it was Bryan's burden to establish qualified immunity did not apply. Durruthy v. Pastor, 351 F.3d 1080, 1087 (11th Cir. 2003). The district court concluded that because Bryan had not established a violation of his constitutional rights, and thus Officer Spillman had not acted unlawfully for purposes of the first element of the well-established test for qualified immunity delineated by the Supreme Court in Saucier v. Katz, 533 U.S. 194, 201 (2001), Officer Spillman would be entitled to qualified immunity on the claims.

5

weapons without a warrant is also permitted where the officer has reason believe that the individual to be searched is armed and dangerous. Id. at 27.

Here, the district court entered summary judgment on Bryan's false-arrest claim because Officer Spillman had reasonable suspicion to detain Bryan briefly and to conduct a Terry pat-down. It was undisputed that Officer Spillman smelled marijuana emanating from the house where he encountered Bryan. Cf. United States v. Garcia, 592 F.2d 259 (5th Cir. 1979) (smell of marijuana emanating from vehicle established reasonable suspicion for search of the trunk). Moreover, the home was located in a high-crime area and during Officer Spillman's encounter with Bryan in a dimly-lit place, Bryan acted in a threatening manner. The district court found that given its short duration (no more than five minutes), Bryan's detention never ripened into an arrest. Thus, the court found that Bryan had not shown a genuine issue of material fact as to an element of his § 1983 claim -- the existence of a constitutional violation.

The difference between an investigatory stop of limited duration and a detention that amounts to an arrest "is one of extent, with the line of demarcation resulting from the weighing of a limited violation of individual privacy involved against the opposing interests in crime prevention and detection and in the police officer's safety." United States v. Acosta, 363 F.3d 1141, 1145-46 (11th Cir.

2004) (quotation omitted). In making this determination, this Court looks to: "[1] the law enforcement purposes served by the detention, [2] the diligence with which the police pursue the investigation, [3] the scope and intrusiveness of the detention, and [4] the duration of the detention." Id. at 1146 (quotation omitted).

Here, the "totality of the circumstances" shows that the brief detention was reasonable, and did not evolve into an arrest for which probable cause must be shown. Viewing the facts of this case in the light most favorable to Bryan, Officer Spillman had an investigatory purpose for approaching Bryan's house -- he was investigating a report of an abandoned vehicle at the house -- and, after smelling marijuana, Spillman had reasonable, articulable suspicion to detain Bryan. Spillman also did not violate Bryan's rights by conducting a weapons search both because Spillman claims that Bryan consented to the search and because such searches are permissible where there is reason to be concerned for the officer's safety. See Terry, 392 U.S. at 27. Spillman had reason to be concerned for his safety because he smelled marijuana smoke, Bryan behaved aggressively towards him, there was poor lighting, and Bryan was wearing baggy clothes that could have concealed a weapon.[7] On this record, there was no violation of the Fourth Amendment because Bryan was not arrested and there was reasonable, articulable

---

[7]The additional fact that Bryan was handcuffed did not transform the detention into an arrest. See United States v. Acosta, 363 F.3d 1141, 1147 (11th Cir.2004)

7

suspicion to detain him. Accordingly, the district court did not err by entering summary judgment on the false-arrest claim.

We likewise are unpersuaded by Bryan's suggestion that the district court erred by entering summary judgment on his Fourth Amendment claim for excessive force, for which, at the summary judgment stage, he was required to allege that (1) a seizure occurred and (2) the force used to effect the seizure was unreasonable. Troupe v. Sarasota County, Fla., 419 F.3d 1160, 1166 (11th Cir. 2005), cert. denied, 126 S. Ct. 1914 (2006). The Supreme Court has stated that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. Moreover, in reviewing such a claim, we evaluate the reasonableness of the force used under an objective standard and ask whether an officer's actions were reasonable "in light of the facts and circumstances confronting [the police officer], without regard to his underlying intent or motivation." Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004); see also Lee v. Ferraro, 284 F.3d 1188, 1197-98 (11th Cir. 2002) (stating that "in determining if force was reasonable, courts must examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted"). "[T]he application of de minimis

8

force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." Nolin v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000).

The district court concluded that the encounter involved only de minimus force and thus, according to our decision in Nolin, was insufficient, as a matter of law, to state a constitutional violation. According to the uncontested evidence, during his encounter with Officer Spillman, Bryan was acting aggressively and suffered only some temporary pain, which required no treatment, and no lasting injury. Bryan says that Officer Spillman conducted a "rough search" of his genitals, pushed him against a patrol car and held his head down against the car. Simply put, this conduct described falls well within the ambit of our de minimus force caselaw.[8] Accordingly, the district court did not err by entering summary judgment as there was no genuine issue of material fact on the existence

---

[8]The plaintiff in Nolin pointed to nearly identical circumstances as constituting excessive force. We disagreed:

> As described above, Appellant, pursuant to what the district court found to be a lawful arrest, merely grabbed Appellee and shoved him a few feet against a vehicle, pushed Appellant's knee into Appellee's back and Appellee's head against the van, searched Appellee's groin area in an uncomfortable manner, and placed Appellee in handcuffs. Appellee had minor bruising which quickly disappeared without treatment. This factual recitation by Appellee falls well within the ambit of the de minimis force principle of Post, Gold, and Jones. In fact, the facts sound little different from the minimal amount of force and injury involved in a typical arrest.

207 F.3d at 1258 n.4.

of a constitutional violation -- an element of Bryan's § 1983 claim based on excessive force.

**AFFIRMED.**