[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15561
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cr-00128-MEF-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASHEEN JAHMAL SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 12, 2012)

Before EDMONDSON, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Rasheen Jahmal Smith appeals his convictions and 60-month sentence for

possession of marijuana, in violation of 21 U.S.C. § 844(a), and for possession

with intent to distribute more than 5 grams of cocaine base, in violation of 21

U.S.C. § 841. The charges against Smith stem from two separate searches

conducted by police after Smith was stopped for routine traffic violations. First,

on November 6, 2008, Smith was pulled over by police due to an apparent window

tint violation. Smith told the officers he had a lawfully owned and registered

firearm in the vehicle, at which point the police asked him to get out of his vehicle.

After performing a pat down frisk, one of the officers at the scene detected the

smell of marijuana coming from Smith's vehicle. When asked about this odor,

Smith attempted to flee, but was eventually subdued and arrested. The police then

searched Smith's vehicle, uncovering 12.4 grams of cocaine base, 2 grams of

marijuana, and a set of scales in Smith's pocket.

Second, Smith was stopped again on January 20, 2009, this time pursuant to

a traffic checkpoint set up by the police. After being asked to pull off to the side,

an officer on the scene, incidentally the same officer from Smith's previous arrest,

again detected marijuana odor in Smith's vehicle. The officers searched both

Smith and his vehicle, and discovered seven grams of marijuana stashed in

Smith's shoe, a bag of cocaine in the vehicle, and more scales in Smith's pockets.

On appeal, Smith argues that the district court erred by declining to suppress

2

evidence seized from his person and vehicle during these two separate traffic stops. Smith also argues that the district court erred in declining to apply the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), to avoid imposing the mandatory minimum sentence required by the version of 21 U.S.C. § 841 in effect at the time he committed his offenses. After thorough review of the record and the parties' briefs, we affirm the conviction, but remand for re-sentencing under the new FSA sentencing regime.

## I.

First, Smith argues that the district court erred by refusing to suppress evidence seized from his person and his vehicle during a November 6, 2008 traffic stop. In reviewing the denial of a motion to suppress evidence, we review for clear error the district court's findings of fact and review de novo the district court's application of the law to those facts. United States v. Gil, 204 F.3d 1347, 1350 (11th Cir. 2000). Furthermore, we construe "all facts . . . in the light most favorable to the party prevailing in the district court—in this case, the government." United States v. Ramirez, 476 F.3d 1231, 1236 (11th Cir. 2007).

A law enforcement officer may permissibly order a driver to exit a car when he has lawfully detained a vehicle for a traffic violation. Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6, 98 S. Ct. 330, 333 n.6  (1977) (per curiam). Moreover, in

3

connection with a traffic stop, an officer may conduct a pat down search if he has reason to believe that his own safety or the safety of others is at risk. United States v. White, 593 F.3d 1199, 1202 (11th Cir. 2010) (citing Terry v. Ohio, 392 U.S. 1, 27, 88 S. Ct. 1868, 1883 (1968)).

In addition, "[i]t is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment." United States v. Robinson, 414 U.S. 218, 224, 94 S. Ct. 467, 471 (1973).  A search incident to arrest may include both "the arrestee's person and the area within his immediate control," meaning "the area from within which he might gain possession of a weapon or destructible evidence." Arizona v. Gant, 556 U.S. 332, 339, 129 S. Ct. 1710, 1716 (2009) (quotation marks omitted).

We find no error in the traffic stop and subsequent search of Smith's vehicle.  To begin, there is no dispute that the traffic stop itself was permissible.  Nor was the subsequent detention constitutionally problematic.  Indeed, Smith concedes that the officers were entitled to detain him, albeit briefly, in light of Smith's revelation that he had a firearm that itself was in plain view.  But even without Smith's concessions, both the initial stop and detention accord with the Fourth Amendment.  See, e.g., Whren v. United States, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772 (1996) ("As a general matter, the decision to stop an automobile is

4

reasonable where the police have probable cause to believe that a traffic violation has occurred."); New York v. Class, 475 U.S. 106, 116, 106 S. Ct. 960, 967 (1986) (police officer may order suspect to leave car upon observation of firearm in passenger seat).

Smith argues, however, that the pat down that ensued after he was detained was unconstitutional. To this end, he contends that Officer McCord "exceeded the proper scope of a pat down." Because we conclude that the search was in fact conducted incident to arrest, we cannot agree that Officer McCord exceeded the scope of a permissible search. Specifically, Officer McCord testified that after Smith got out of his vehicle, Officer McCord questioned Smith regarding marijuana odor emanating from the vehicle.[1] Upon asking Smith about this odor, Smith attempted to flee. By so doing in response to the officer's detection of

---

[1] Smith argues that we should dismiss Officer McCord's testimony as lacking credibility. Specifically, Smith calls our attention to expert testimony suggesting that the marijuana found in Smith's car was not substantial enough to create enough odor for Officer McCord to detect it under the conditions of the traffic stop, and additionally that another officer at the scene did not similarly detect marijuana. He submits that, as a result, the magistrate judge's decision to credit Officer McCord at Smith's expense was in error.

We cannot agree. We afford considerable deference to a credibility determination, United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002), and will not reverse such a determination unless "it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." Id. (quotation marks omitted). That burden has not been met here. First, Smith's expert testified that although the marijuana found in the car could not create sufficient odor, the smell of marijuana previously in the car may have been detectable when Smith was first stopped. Second, even if the officer accompanying Officer McCord did not detect marijuana odor, we think that, standing alone, this is not the sort of inconsistency that warrants reversing a credibility determination. See id.

5

marijuana and suspicion that contraband was present in Smith's vehicle, Smith provided sufficient probable cause for the officers to both arrest him and to conduct a search incident to that arrest. See Chimel v. California, 395 U.S. 752, 762–63, 89 S. Ct. 2034, 2040 (1969) ("When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape."); see United States v. Dotson, 49 F.3d 227, 231 (6th Cir. 1995) (collecting authorities for proposition that a defendant's "efforts to flee, coupled with [a law enforcement officer's] reasonable suspicion that [the defendant] was involved in criminal activities, established probable cause to arrest [the defendant]"); see also United States v. Lueck, 678 F.2d 895, 903 (11th Cir. 1982) ("[T]he recognizable smell of marijuana gives rise to probable cause supporting a warrantless search.").

Thus, Officer McCord did not violate Smith's Fourth Amendment rights when he searched Smith, even if the search exceeded that permissible in a routine pat down. As a result, the district court properly denied Smith's motion to suppress evidence seized during the November 6, 2008 traffic stop.

## II.

Smith next argues that the district court erred by refusing to suppress evidence seized from his person and his vehicle during the January 20, 2009

traffic stop.  We cannot agree.  As with the first traffic stop, Officer McCord credibly testified that he detected marijuana odor emanating from Smith's car.[2] Upon detecting this odor, the officers were justified to conduct the the search of the vehicle.  United States v. Garcia, 592 F.2d 259, 260 (5th Cir. 1979) (suggesting that the smell of marijuana justified the search of a vehicle);[3] see also United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991) ("There is no doubt that the agent's suspicions rose to the level of probable cause when, as the door stood open, he detected what he knew from his law enforcement experience to be the odor of marijuana.").  As a result, the vehicle search was permissible, and the cocaine recovered was admissible at trial against Smith.

Moreover, because the discovery of cocaine in the vehicle would have permitted the officers to search Smith incident to his arrest for possessing that cocaine, the magistrate judge properly found that the officers would inevitably have discovered the marijuana in Smith's shoe.  See Jefferson v. Fountain, 382 F.3d 1286, 1296 (11th Cir. 2004) (explaining that doctrine of inevitable discovery

---

[2] Smith again challenges the credibility of Officer McCord, but for the same reasons as before, we conclude that Smith has failed to overcome the high degree of deference we afford credibility determinations.  See supra note 1(citing Ramirez-Chilel, 289 F.3d at 749).

[3] In Bonner  v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

7

permits introduction of evidence that would have been eventually found, even if the search that uncovered it was itself unconstitutional).  For these reasons, we hold that the district court also properly denied Smith's motion to suppress the evidence seized during the January 20, 2009, traffic stop.

## III.

Finally, Smith argues that the district court erred by sentencing him to the mandatory minimum that was in effect at the time of his conduct.  Smith's conduct occurred in 2008 and 2009, but he was not sentenced until November 24, 2010.  In the interim, however, the FSA was signed into law on August 3, 2010.  See Pub. L. No. 111-220, 124 Stat. 2372, 2374 (2010).  Smith argued before the district court, and now to us on appeal, that he is entitled to the benefit of the FSA's reduced mandatory minimums.  He correctly points out that under the changes wrought by the FSA, the 12.4 grams of cocaine base he possessed would not trigger the 5-year mandatory minimum that was applied to him at sentencing. Compare 21 U.S.C. § 841(b)(1)(B)(iii) (2010) (prescribing 5 year mandatory minimum for possession of 28 grams or more of mixture containing cocaine base) with 21 U.S.C. § 841(b)(1)(B)(iii) (2008) (imposing 5 year mandatory minimum for possession of 5 grams or more of mixture containing cocaine base).

We are compelled to reverse in light of the Supreme Court's ruling in

8

Dorsey v. United States, ___ S. Ct. ___, 2012 WL 2344463 (U.S. June 21, 2012), in which the Court "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Id. at *14.  This holding plainly applies to Smith who was not sentenced until November 24, 2012.  Because Dorsey has just been decided, the district court could not have known at the time that it could consider sentencing Smith below the pre-FSA mandatory minimums.  We must therefore vacate Smith's sentence and remand for resentencing consistent with the Dorsey opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**