[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13028
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cr-00128-MEF-TFM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASHEEN JAHMAL SMITH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 13, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Rasheen Jahmal Smith appeals the above-guideline 14-month sentence he received after his supervised release was revoked under 18 U.S.C. § 3583.  Upon careful review of the record and the parties' briefs, we vacate and remand.

We have seen Smith's case before.  Initially the district court sentenced Smith to 60-months imprisonment and four years of supervised release based in part on his convictions for crack cocaine offenses.  On direct appeal, we held that Smith should be resentenced under the Fair Sentencing Act of 2010 (FSA).  United States v. Smith, 481 F. App'x 540, 545 (11th Cir. 2012) (per curiam).  When he was resentenced, his guideline range was 30 to 37 months, and he was sentenced to time served, or 31-months imprisonment.  Around seven months later, the probation officer filed a petition to revoke Smith's supervised release for seven alleged violations, including possession of a firearm.

For the revocation proceedings, Smith appeared before the same district court judge, who said he remembered Smith and thought he had been required to resentence Smith previously because he "got some credit off of a sentence based on the Fair Sentencing Act."  The district court then varied upward from Smith's guideline range of 4 to 10 months and resentenced him to 14-months imprisonment.  The court explained that it varied upward from the guideline range because Smith "got a break from the sentence that [he] received in this original case."  Later, the court again stated that the variance was justified because Smith

2

had received a "break" when he was resentenced under the FSA. The court added: "If stupid was a crime, you would be on death row."

On appeal, Smith argues that his 14-month sentence was procedurally and substantively unreasonable. He claims that because the district court relied on a supposed "break" Smith received, it relied on a clearly erroneous fact which was an impermissible factor. Smith also emphasizes that he did not receive a "break" when he was resentenced under the FSA and instead merely received a legal sentence as provided by the terms of the statute.

We review a challenged sentence first for procedural reasonableness and then for substantive reasonableness. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). A sentence is procedurally reasonable if the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. Id. A factual finding is clearly erroneous if we are left with the "definite and firm conviction that a mistake has been committed," even if there is evidence to support the finding. United States v. Barrington, 648 F.3d 1178, 1195 (11th Cir. 2011).

With regard to substantive reasonableness, we will only vacate a sentence involving an upward variance if we have the "definite and firm conviction" that the district court clearly erred by weighing the § 3553(a) factors and that the

defendant's sentence was outside the range of reasonable sentences dictated by the facts.  United States v. Early, 686 F.3d 1219, 1221 (11th Cir. 2012) (quoting United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009)).  "The district court has wide discretion to decide whether the section 3553(a) factors justify a variance."  United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation omitted).  We review de novo, as a question of law, whether a factor considered by the district court is impermissible.  United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008).  A sentence based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a).  Id.

Even if this Court finds a substantive or procedural error, we only remand for resentencing if the defendant was harmed by the error.  Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120–21 (1992).  A defendant is harmed if we cannot conclude, based on the record as a whole, that the district court would have imposed the same sentence absent the erroneous factor.  Id.  We should affirm if we have "fair assurance" that the error did not substantially affect

4

the sentence.  United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (citation omitted).

Smith's sentence was procedurally unreasonable because the district court's conclusion that Smith's reduced sentence under the FSA was a "break," in the sense that it was an unjustified benefit, was clearly erroneous.  See Barrington, 648 F.3d at 1195.  The FSA was an act of Congress intended to reduce the historical sentencing disparity between crack and powder cocaine offenses.  Congress's decision to reduce this disparity was not a "break" for which prisoners lawfully entitled to be resentenced could be held accountable later.  Thus, the district court was required to sentence Smith under the FSA after this Court vacated and remanded his original sentence in light of Dorsey v. United States, 567 U.S. __, 132 S. Ct. 2321 (2012).  The district court's sentence was therefore procedurally unreasonable, as the determination that Smith's resentencing was an undeserved benefit was clearly erroneous.  See Gall, 552 U.S. at 51, 128 S. Ct. at 597.

In addition to being procedurally unreasonable, the district court's reliance on an impermissible factor in sentencing Smith was substantively unreasonable as well.  By imposing an upward variance based on the conclusion that Smith benefitted from a "break" provided by the FSA, the district court penalized Smith for receiving a lawful sentence authorized by Congress.  Given that the district court said that the upward variance was due to this factor, Smith's sentence was

5

substantially affected by the impermissible factor such that the sentence did not fulfill the purposes of § 3553.  See Velasquez Velasquez, 524 F.3d at 1252.

Finally, the district court's error was not harmless.  Although the district court indicated that a lower sentence would not have served the purposes of § 3553(a), the record as a whole indicates that the district court relied heavily on its belief that Smith had unjustifiably benefitted from the FSA.  See Williams, 503 U.S. at 203, 112 S. Ct. at 1120–21.  Given the nature of the district court's repeated statements, the record does not leave this Court with the "fair assurance" that the district court would have imposed the same sentence without consideration of the improper factor.  See Mathenia, 409 F.3d at 1292.  Therefore, we vacate Smith's sentence and remand for resentencing.

**VACATED AND REMANDED.**