# United States Court of Appeals for the Fifth Circuit

---

No. 22-30037
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Latorris Conley,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CR-360-1

---

Before Southwick, Higginson, and Willett, *Circuit Judges*.
Per Curiam:[*]

Latorris Conley appeals his conviction of possession of a firearm and ammunition by a convicted felon, *see* 18 U.S.C. § 922(g)(1), and the resulting 70 months of imprisonment. We AFFIRM.

Conley first argues that the district court erred by denying his motion for a judgment of acquittal. He maintains that the evidence did not show he

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

had knowledge that the firearm and ammunition in question were in the vehicle he was driving. "We will affirm the jury's verdict," however, "if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Ragsdale*, 426 F.3d 765, 770–71 (5th Cir. 2005). Here, there was ample evidence at trial to permit a rational jury to conclude beyond a reasonable doubt that Conley knew the firearm and ammunition were in the vehicle. He was the one driving the vehicle, and the (loaded) firearm and ammunition were found in the dash compartment—right next to cash, drugs, and a digital scale that Conley admitted were his. *United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993) ("The general rule in this circuit is that knowledge can be inferred from control over the vehicle in which [contraband is] hidden if there exists other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge" (internal quotation marks omitted)). The jury also heard evidence that Conley confessed to being in possession of the firearm. The jury was not required to accept Conley and his mother's alternative explanation for how the firearm came to be in the vehicle. *See United States v. Winkler*, 639 F.3d 692, 700 (5th Cir. 2011). Accordingly, the district court did not err in denying the motion for acquittal.

Conley next argues that the district court erred by failing to determine whether the evidence preponderated heavily against the guilty verdict in ruling on his Federal Rule of Criminal Procedure 33 motion for a new trial. But the court was not required to do so. Although Conley included some boilerplate language regarding the weight of the evidence in his motion for a new trial, Conley based his motion on alleged prosecutorial misconduct and did not raise his preponderance argument as the basis for his new-trial motion. Thus, the district court was not required to evaluate whether the

weight of the evidence preponderated against the verdict. *See United States v. Nguyen*, 507 F.3d 836, 839–40 (5th Cir. 2007) (holding that the district court erred in granting a new trial on the basis of an issue mentioned only in passing in the defendant's motion).

Conley also argues that the district court erred in denying his motion for a new trial based on various statements by the Government in its closing rebuttal remarks, only some of which he objected to at trial. But we discern no abuse of discretion or plain error in the court's denial.

First, we discern no abuse of discretion in the court's denial of a new trial on the ground that the Government commented on Conley's failure to call Trooper Butts as a witness. *See United States v. Rodriguez-Lopez*, 756 F.3d 422, 433 (5th Cir. 2014). The Government made this comment in direct response to defense counsel's own remark about the *Government* not calling Trooper Butts—suggesting the potential witness would have been bad for the Government's case. *See United States v. Palmer*, 37 F.3d 1080, 1086 (5th Cir. 1994) (finding no error under these circumstances). Moreover, even if these remarks were improper, they did not affect Conley's substantial rights because he testified on his own behalf. *See United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) ("Commenting on a failure to call witnesses generally is not an error, unless the comment implicates the defendant's right not to testify.").

Second, Conley argues that the Government improperly referenced evidence not in the record, *see United States v. Murrah*, 888 F.2d 24, 26 (5th Cir. 1989) ("A prosecutor may not directly refer to or even allude to evidence that was not adduced at trial."), and improperly bolstered the image and credibility of both its key witness and its prosecutor. Because he did not object to these remarks at trial, however, our review is for plain error. *United States v. Vargas*, 580 F.3d 274, 278 (5th Cir. 2009); *United States v. Abroms*,

947 F.2d 1241, 1249 n.6 (5th Cir.), *as amended* (Dec. 18, 1991). We find none. The trial record confirms that these statements, too, were made in direct response to defense counsel's theories of the evidence and merely drew reasonable inferences from properly admitted evidence. *United States v. Vargas*, 580 F.3d 274, 278–79 (5th Cir. 2009) ("A prosecutor is confined in closing argument to discussing properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence. . . . [A]n argument to counter the defense's theory of the evidence is within bounds.").

The lone exception is the Government's statement that Trooper Butts's testimony *would* have been cumulative had Trooper Butts testified. This is because it is "error for the prosecutor to tell the jury what witnesses who did not testify would have said had they testified." *Palmer*, 37 F.3d at 1087. Conley has not shown that his substantial rights were affected, however, because—as mentioned—the Government's statement directly rebutted defense counsel's own statement to the jury that it was the Government who failed to call Trooper Butts; because substantial evidence supported the jury's verdict; and because the district court issued instructions reminding the jury that they were to consider only the evidence, not counsel's arguments. *See United States v. Rodriguez-Lopez*, 756 F.3d 422, 434 (5th Cir. 2014) (affirming denial of new trial where prosecutor's improper remarks did not "cast serious doubt" on the verdict). And because Conley has demonstrated only one potentially erroneous, but harmless, statement made by the Government, he fails to demonstrate that this is "the unusual case in which synergistic or repetitive error" violated his right to a fair trial as an independent basis for relief. *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012) (en banc).

As for his arguments that the Government wrongly attacked Conley's character and commented on unauthenticated documents in front of the jury,

we deem such arguments forfeited because Conley did not adequately brief these issues on appeal. *See United States v. Stalnaker*, 571 F.3d 428, 439–40 (5th Cir. 2009) (deeming forfeited a "laundry list of grievances" in the defendant's brief because the defendant did "not fully explain them and often [did] not cite the record or relevant law").

Finally, Conley argues that the district court erred by denying his motion to suppress the evidence seized from the search of the vehicle he was driving, contending that Trooper Langley impermissibly extended the traffic stop. At the suppression hearing, however, Trooper Langley testified that he smelled the odor of marijuana coming from the vehicle as soon as he made contact with Conley's passenger, a mere two minutes into the traffic stop. When Trooper Langley smelled the odor of marijuana, he developed the necessary reasonable suspicion of additional criminal activity to extend the detention beyond the time it took to investigate Conley's traffic offense. *See United States v. Reyes*, 963 F.3d 482, 487–88 (5th Cir. 2020); *United States v. Garcia*, 592 F.2d 259, 260 (5th Cir. 1979) (per curiam) (holding that reasonable suspicion "was supplied by the smell of the marijuana"); *United States v. Arrasmith*, 557 F.2d 1093, 1094 (5th Cir. 1977) ("The odor of marijuana provided probable cause, authorizing the search."). And Conley has not persuaded us that we should disturb the district court's implicit credibility finding as to Trooper Langley's testimony. *See United States v. Gibbs*, 421 F.3d 352, 356–57 (5th Cir. 2005) (noting that findings of fact underlying the denial of a motion to suppress are reviewed for clear error); *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005) ("Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses."). He therefore fails to establish that Trooper Langley violated the Fourth Amendment or that the court erred by denying his motion to suppress.

No. 22-30037

AFFIRMED.